# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Sean C. Sheely
(212) 513-3538
sean.sheely@hklaw.com

February 22, 2011

*Via ECF*

Honorable Esther Salas
United States Magistrate Judge
King Fed. Bldg. & U.S. Courthouse
50 Walnut Street, P.O. Box 999
Newark, NJ 08101

   Re: *Beam v. The Port Authority et al.*
     United States District Court, District of New Jersey
     Docket No. 2:10-cv-04778-PGS-ES
     H&K Ref.: 082720.00089

Your Honor:

We are counsel to JetBlue Airways Corporation ("JetBlue") in the above-captioned matter. Pursuant to Your Honor's Pre-Trial Scheduling Order, we write to request a pre-motion conference to discuss JetBlue's request to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**A.**  **Factual Background and Allegations**

This is an action commenced by plaintiffs Mary and William Beam against the Port Authority of New York and New Jersey (the "Port Authority"), the Transportation Security Administration (the "TSA"), and JetBlue for alleged injuries sustained by Ms. Beam after she allegedly tripped and fell on September 23, 2009 at the TSA security checkpoint at the Newark Liberty International Airport ("Newark Airport").

Plaintiffs Mary and William Beam filed a Complaint in this matter on September 17, 2010. The Complaint alleges that each of the three named defendants (the Port Authority, the TSA, and JetBlue) "owned, maintained, and/or controlled the premises located at the Newark Liberty Airport." *See* Compl. ¶¶ 9-11. It is undisputed that the alleged incident occurred at the TSA security checkpoint at Newark Airport. JetBlue, as a part of its Rule 26(a)(1) disclosures,

Honorable Esther Salas
February 22, 2011
Page 2

produced an incident report (Exhibit 1) confirming this, and, more importantly, plaintiffs' counsel confirmed this to the Court at the Rule 16 conference.

### B. Motion for Summary Judgment

JetBlue intends to move to dismiss Plaintiffs' claims on the following grounds:

1. JetBlue's use of Newark Airport is governed by the Common Use Agreement (Contract No. ANB 769) it entered into with the Port Authority.[1] JetBlue did (and does) not have any duty to own, operate, maintain, inspect, or control these premises at Newark Airport, at any time relevant to this lawsuit pursuant to the terms of this Agreement. Therefore, there is no basis in fact or law for JetBlue to remain a party to this lawsuit; and

2. Pursuant to the Aviation and Transportation Security Act, it is the TSA, not JetBlue that has the duty to maintain and control the security checkpoint at the Newark Airport. Specifically, the TSA has the duty to, "inspect, *maintain*, and test *security facilities*, equipment, and systems." 49 U.S.C. § 114(f)(9). (Emphasis added). The TSA also has the duty to "*develop standards for the hiring* and retention of security screening personnel," 49 U.S.C. § 114(e)(2) (emphasis added), and "*train and test* security screening personnel." 49 U.S.C. § 114(e)(3). (Emphasis added). Because it is the TSA's solely responsible for operation and maintenance of its security facilities at Newark Airport, and because it is also the TSA's responsibility to train and hire its agents, there is no basis in fact or law for JetBlue to remain a party to this lawsuit.

At the Rule 16 conference, held on January 11, 2011, Your Honor made the statement that plaintiffs should discontinue as against non-responsible parties. That same day we sent plaintiffs' counsel and counsel for the Port Authority a letter (Exhibit 2 - without attachments) (i) attaching the controlling contract between the Port Authority and JetBlue and the TSA statute, (ii) explaining that JetBlue does not own, operate, maintain, or control any portion of the area of the alleged fall, and (iii) requesting that plaintiffs and the Port Authority stipulate to dismiss JetBlue *without prejudice*. Receiving no response, we sent a follow-up letter on February 4, 2011 (Exhibit 3 - without attachments).

To date, more than a month after the Court's comments at the January 11th conference and despite these letters, as well as several follow-up telephone calls, neither plaintiffs nor the Port Authority have agreed to JetBlue's request for a dismissal *without prejudice*. That JetBlue never should have been named a party in the first place is clear; the request for a dismissal *without prejudice*, when JetBlue is entitled to a dismissal *with prejudice*, was simply an accommodation to the parties. We, on behalf of JetBlue, now have no choice but to proceed by motion in order to avoid protracted discovery and the attendant, unnecessary defense costs and expenses.

---

[1] We since have learned from the Port Authority's Rule 26(a)(1) disclosures, dated February 7, 2011, that the controlling agreement is, in fact, Contract No. ANB 954, effective as of December 31, 2008. This agreement is identical in all material respects to Contract No. ANB 769.

Honorable Esther Salas
February 22, 2011
Page 3

Based on the foregoing, JetBlue respectfully requests that this Court schedule a pre-motion conference at its earliest convenience to discuss JetBlue's anticipated motion for summary judgment.

Respectfully submitted,

HOLLAND & KNIGHT LLP


/s/ *Sean Sheely*

Sean C. Sheely

SCS:cab

Enlosures


Cc: *(Via ECF)*

Gary Grabas, Esq.
Bramnick, Rodriguez, Mitterhoff, Grabas & Woodruff, LLC
1827 East Second Street
Scotch Plains, NJ 07076

Ilea Kozak, Esq.
Attorneys for Defendant The Port Authority of New York and New Jersey
Law Offices of Christopher M. Hartwyk, Esq.
225 Park Avenue South
New York, NY 10003

#10142483_v2

# Exhibit 1

*Reservation Number:* R87CER  
*Original Caller:* Beam/William  
*Original Date:* 07 Aug 2009 - 9:54a  
*Original Agent:* INET  

*Status:* *** Canceled ***  
*Current Caller:*  
*Last Modified Date:* 23 Sep 2009 - 10:55a  

### Flight Information

Total Cost: $0.00 USD    Amount Due: $0.00 USD

### 2 Passengers

1. BEAM, WILLIAM    Adult $0.00
2. BEAM, MARY ANN   Adult $0.00

### Mailing Address and Phone

Beam/William  
14 Cross Road  
Morris Plains, NJ 07950   United States  
(973) 605-5977

### Payment

VI  $418.40 USD   07 Aug 09  
CS  ($418.40) USD  23 Sep 09

### Comments

- 9736055977
- PNT TO PNT - BAGTAG FINAL DEST: MCO
- customer wife fell going through security ...
** More **

---

9736055977  
CONFIRM FLT  
Agent: 07711   Date: 27 Aug 2009   Time: 10:13a

[ Manifest ]  
PNT TO PNT - BAGTAG FINAL DEST: MCO  
Agent:    Date: 22 Sep 2009   Time: 6:33p

[ Manifest ]  
customer wife fell going through security and bags were  
called back to carousel to be held in bso until the hospital  
can determine what is wrong  or if they are able to still  
make flt 523 or go stand-by on 527.  
customer will call   before flt leaves ewr.  
Agent: 65977   Date: 23 Sep 2009   Time: 7:15a

7322454064 CU WILLIAM CALLED IN THEY ARE AT THE UNIVERSITY  
HOSPITAL 973-972-5123 MARYANN FELL ADN SHE IS BEING TREATED  
IN THE ER THEY NNED TO CXL THE RT  
Agent: 99231   Date: 23 Sep 2009   Time: 8:34a

WAIVED CXL FEE. . . PAX 2 GOING THRU SECURITY. . . FELL AND  
IS IN HOSPITAL NOT DOING WELL.    JAN/CS  
Agent: 15025   Date: 23 Sep 2009   Time: 8:38a

Mary Ann's son Vincent Vitiello came to to pick her bags  
Agent: 78415   Date: 23 Sep 2009   Time: 10:55a

Assigned Seat -  
23SEP EWRMCO  523 14D  BEAM/WILLIAM  
30SEP MCOEWR  524 14D  BEAM/WILLIAM  
23SEP EWRMCO  523 14E  BEAM/MARY ANN  
30SEP MCOEWR  524 14E  BEAM/MARY ANN  
Agent: INET   Date: 07 Aug 2009   Time: 9:54a   Caller: Beam/William   Arc:

Itinerary printed -
Itinerary FTPed on 07AUG2009 at 09:55
Agent: BATCH   Date: 07 Aug 2009   Time: 9:55a   Caller:   Arc:

Changed Phone Item -
         to 9736055977
Agent: 07711   Date: 27 Aug 2009   Time: 10:13a   Caller: WILLIAM   Arc:

Passenger Check-in -
Checkin: 23SEP EWRMCO 1115/1353 #B6  523 14D BEAM/WILLIAM
Checkin: 23SEP EWRMCO 1115/1353 #B6  523 14E BEAM/MARY ANN
Passenger Bag Check-in -
Bag add: 0279549732 23SEP B6  523 EWRMCO  BEAM/WILLIAM
Bag add: 0279549733 23SEP B6  523 EWRMCO  BEAM/MARY ANN
Agent: WEB562   Date: 22 Sep 2009   Time: 6:33p   Caller: KIOSK   Arc:

Passenger Unchecked -
Checkout:   23SEP EWRMCO 1115/1353 #B6  523 14E BEAM/MARY ANN
Passenger Bag Check-out -
Bag rmv: 0279549733 23SEP B6  523 EWRMCO  BEAM/MARY ANN
Agent: 65977   Date: 23 Sep 2009   Time: 7:15a   Caller: CHECKOUT   Arc:

Passenger Unchecked -
Checkout:   23SEP EWRMCO 1115/1353 #B6  523 14D BEAM/WILLIAM
Passenger Bag Check-out -
Bag rmv: 0279549732 23SEP B6  523 EWRMCO  BEAM/WILLIAM
Agent: 65977   Date: 23 Sep 2009   Time: 7:16a   Caller: CHECKOUT   Arc:

Deleted Flight Segment -
01 B6  523 F 23SEP We  EWRMCO 0 HK02 1115/1353 FO_E_094 104.60
02 B6  524 F 30SEP We  MCOEWR 0 HK02 1440/1731 FO_E_094 104.60
Added Form of Payment -
CS/2087549643/AIR1 /CU   /-    418.40 US -   418.40 US
Agent: 15025   Date: 23 Sep 2009   Time: 8:38a   Caller: WILLIAM   Arc:

# Exhibit 2

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Steven Raffaele
212-513-3249
steven.raffaele@hklaw.com

January 11, 2011

*Via E-mail and Regular Mail*

| | |
|---|---|
| Casey J. Woodruff, Esq. | Ilea Kozak, Esq. |
| Attorneys for Plaintiffs | Attorneys for Defendant The Port Authority of |
| Bramnick, Rodriguez, Mitterhoff, Grabas & | New York and New Jersey |
| Woodruff, LLC | Law Offices of Christopher M. Hartwyk, Esq. |
| 1827 East Second Street | 225 Park Avenue South |
| Scotch Plains, NJ 07076 | New York, NY 10003 |

Re: *Beam v. The Port Authority et al.*
United States District Court, District of New Jersey
Docket No. 2:10-cv-04778-PGS-ES
H&K Ref.: 082720.00089

Dear Casey and Ilea:

At today's Fed. R. Civ. P. 16 conference in the above matter, it became clear beyond peradventure, that the plaintiff's injuries occurred at the TSA's security checkpoint at Newark Liberty International Airport.

JetBlue's use of Newark Liberty International Airport is governed by the Common Use Agreement (Contract No. ANB 769) it entered into with the Port Authority. (Exhibit 1). JetBlue did (and does) not have any duty to own, operate, maintain, inspect, or control these premises at Newark Liberty International Airport, including the line stanchions at the security checkpoint, at any time relevant to this lawsuit pursuant to the terms of this Agreement. This area is not a part of JetBlue's leasehold. JetBlue also is not responsible for the actions of the TSA and its agents.

Pursuant to the Aviation and Transportation Security Act (Pub. L. No. 107-71, 115 Stat. 597 (2001)), which Congress enacted in response to the attacks on the United States on September 11, 2001, and which created the TSA within the Department of Transportation ("DOT"), the Under Secretary of the TSA has the duty to, "inspect, *maintain*, and test *security facilities*, equipment, and systems." 49 U.S.C. § 114(f)(9). (Emphasis added). (Exhibit 2). The Under Secretary of the TSA also has the duty to "*develop standards for the hiring* and retention of security

Casey J. Woodruff, Esq.
Ilea Kozak, Esq.
January 11, 2011
Page 2

screening personnel," 49 U.S.C. § 114(e)(2) (emphasis added), and "*train and test* security screening personnel." 49 U.S.C. § 114(e)(3). (Emphasis added).

Because it is the TSA's solely responsible for operation and maintenance of its security facilities at Newark Liberty International Airport, and because it is also the TSA's responsibility to train and hire its agents, plaintiff's claims - and the Port Authority's cross-claims - asserted against JetBlue are in a word meritless. Indeed, after the discussion in Chambers today, an argument can be made that these claims and cross-claims violate the spirit, if not the substance, of Fed. R. Civ. P. 11.

There is no basis in fact or law for JetBlue to remain a party to this lawsuit. JetBlue appreciates your courtesy in granting it an extension of time to answer, appear, or otherwise move until January 24, 2011. In order to avoid further delay and unnecessary motion practice, we respectfully request that you agree to dismiss JetBlue from this action and execute the attached Stipulation of Dismissal (Exhibit 3) - which we note is *without prejudice* - by January 18, 2011, and return it to us so that we can file it with the Court.

Thank you for your courtesy and cooperation.

Sincerely yours,

HOLLAND & KNIGHT LLP


By: /s/ Steven Raffaele
    Steven Raffaele

SR/ls

Enlosures

#10038617_v1

# Exhibit 3

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 4, 2011

*Via E-mail and Facsimile*

Gary Grabas, Esq.
Attorneys for Plaintiffs
Bramnick, Rodriguez, Mitterhoff, Grabas &
Woodruff, LLC
1827 East Second Street
Scotch Plains, NJ 07076

Ilea Kozak, Esq.
Attorneys for Defendant The Port Authority of
New York and New Jersey
Law Offices of Christopher M. Hartwyk, Esq.
225 Park Avenue South
New York, NY 10003

Re: *Beam v. The Port Authority et al.*
United States District Court, District of New Jersey
Docket No. 2:10-cv-04778-PGS-ES
H&K Ref.: 082720.00089

Dear Counsel:

We represent JetBlue with respect to the above captioned matter. We sent your office a letter on January 11, 2011 and have followed up several times by telephone, but, to date, have not received any response.

We reiterate our request that you agree to dismiss JetBlue from this action voluntarily. We enclosed a stipulation of dismissal *without prejudice* as a part of our January 11th letter and enclose it again here for your convenience.

The alleged incident did not occur within JetBlue's leasehold at Newark Liberty International Airport and there is no good-faith basis for plaintiffs to maintain this action against JetBlue. Indeed, at the Fed. R. Civ. P. 16 conference, MJ Salas questioned JetBlue's involvement in this action and ordered plaintiffs to amend the Complaint by April 28, 2011.

JetBlue's use of Newark Liberty International Airport is governed by the Common Use Agreement (Contract No. ANB 769) it entered into with the Port Authority. JetBlue did (and does) not have any duty to own, operate, maintain, inspect, or control these premises at Newark Liberty International Airport, including the line stanchions at the security checkpoint, at any time relevant to this lawsuit pursuant to the terms of this Agreement. Additionally, at no time did JetBlue train or hire TSA security agents, nor is JetBlue responsible for the actions of the TSA and its agents.

Gary Grabas, Esq.
Ilea Kozak, Esq.
February 4, 2011
Page 2

Plaintiff's injuries occurred at the TSA's security checkpoint at Newark Liberty International Airport and resulted from her interaction with a TSA security agent. Pursuant to the Aviation and Transportation Security Act (Pub. L. No. 107-71, 115 Stat. 597 (2001)), the Under Secretary of the TSA has the duty to, "inspect, *maintain*, and test *security facilities*, equipment, and systems," 49 U.S.C. § 114(f)(9) (emphasis added), and also has the duty to "*develop standards for the hiring* and retention of security screening personnel," 49 U.S.C. § 114(e)(2) (emphasis added), and "*train and test* security screening personnel." 49 U.S.C. § 114(e)(3). (Emphasis added).

There is no basis in fact or law for JetBlue to remain a party to this lawsuit.

Please execute the attached stipulation of dismissal - which we again note is *without prejudice* - and return it to us for filing with the Court. If we do not receive the executed stipulation by Friday, February 11, 2011, we will proceed to seek leave of court to file a motion for summary judgment, in which we also will seek costs and expenses.

Thank you for your courtesy and cooperation.

Sincerely yours,

HOLLAND & KNIGHT LLP


By: _____
    Steven Raffaele

SR/ls

Enclosures

#10105574_v1